**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Kellie Vazquez,<br>Plaintiff,<br>v.<br>Liberty Life Assurance Company of Boston,<br>Defendant. | No. CV-25-04076-PHX-KML<br>**ORDER** |

Pursuant to Rule 16(b)(1) of the Federal Rules of Civil Procedure, the court will issue a scheduling order after receiving the parties' Rule 26(f) report.

Accordingly,

**IT IS ORDERED as follows**:

The parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed **within 4 weeks of the date of this order**. It is the responsibility of plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;
2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;

5. The names of any parties not subject to the court's personal (or *in rem*) jurisdiction;

6. A statement indicating whether the parties would prefer that the court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be helpful.

7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;

8. A discussion of whether plaintiff(s) is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery;

9. Proposed page limits for plaintiff(s)' opening brief, defendant(s)' response brief, and plaintiff(s)' reply brief. (The parties should note that the court does not permit the filing of a separate statement of facts.);

10. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;

11. The status of any related cases pending before this or other courts;

12. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set in the Case Management Order, the court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a

certification stating the client is aware of and approves of the requested extension. The court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The parties must propose the following:

a. If there is a dispute as to the need for and/or scope of discovery and/or as to the standard of review, a deadline for plaintiff(s) to file a motion, not to exceed seven pages, entitled "Motion for ERISA Discovery/Standard of Review Determination," summarizing its position and a deadline for defendant(s) to submit a seven-page response brief. No replies may be filed. These deadlines should be set as soon as practicable.

b. A deadline for amending the pleadings and a deadline for any motion to supplement the administrative record. These deadlines should occur well before plaintiff(s)' opening brief is due.

c. A deadline for the completion of fact discovery, if applicable. This deadline should occur at least four months after the deadline for the submission of the parties' briefs concerning the need for and/or scope discovery and/or standard of review (*see* subpart (a) above) so the parties have sufficient time to complete whatever discovery is authorized by the court. Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the court will not entertain discovery disputes after this deadline;

d. A deadline for filing the administrative record;

e. Deadlines for submission of plaintiff(s)' opening brief, defendant(s)' response brief, and plaintiff(s)' reply brief;

f. A date by which the parties shall have engaged in face-to-face good faith settlement talks;

g. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

**IT IS FURTHER ORDERED** the parties shall file a proposed Case Management Order – ERISA Case containing all the proposed dates using the form available on the court's website. The proposed Case Management Order must also be emailed in Word format to Lanham_Chambers@azd.uscourts.gov.

Dated this 19th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge