**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Attorneys for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kellie Vazquez,<br>Plaintiff,<br>v.<br>Liberty Life Assurance Company of Boston,<br>Defendant. | Case No. 2:25-cv-04076-KML<br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's December 19, 2025, Order (Dkt. #11), the parties submit this Joint Case Management Report:

**1. The parties who attended the Rule 26(f) Meeting and assisted in developing the Joint Case Management Report:**

Anthony J. Vessel, on behalf of Plaintiff, Kellie Vazquez; and Iwana Rademaekers, on behalf of Defendant, Liberty Life Assurance Company of Boston (now known as The Lincoln National Life Insurance Company).

**2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes):**

Plaintiff, Kellie Vazquez

Defendant, The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston, and Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston) was the issuer of the relevant life insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company.

**3. Any parties that have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

All parties have been served.

**4. A statement of whether any party expects to add additional parties to the case or otherwise amend the pleadings:**

The parties do not anticipate adding parties or amending their pleadings.

**5. The names of any parties not subject to the court's personal (or in rem) jurisdiction:**

None.

**6. A statement indicating whether the parties would prefer that the court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why this would be helpful:**

A case management conference in this matter is not necessary.

**7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense:**

**Plaintiff:**

Plaintiff filed this action to recover insurance benefits wrongfully denied by Defendant under a group insurance policy ("Policy"). As the Claims Administrator for the Policy, Defendant both pays and determines payment eligibility for benefit claims. Defendant has a statutory fiduciary duty to administer claims and furnish benefits fairly

under the Policy and regulations. In Plaintiff's claim, however, Defendant violated Department of Labor regulations in the administration of its duties and wrongfully denied Plaintiff's insurance benefits. Plaintiff's claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Under ERISA, Plaintiff must exhaust "administrative remedies" before seeking judicial review of Defendant's denial; however, the administrative remedies prescribed are not tantamount to a typical administrative review under any Federal or Administrative Code.

Plaintiff submitted substantial medical and vocational information, documenting her inability to perform her own occupation due to limitations imposed by her chronic symptoms. Defendant failed to provide a full and fair review of Plaintiff's claim. Defendant rendered an adverse decision by discounting Plaintiff's evidence and paying its biased and financially conflicted reviewers to disagree with Plaintiff's providers, symptoms, and functional limitations. Plaintiff has exhausted her administrative remedies and seeks this Court's review of Defendant's prejudicial actions.

**Defendant:**

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**8. A discussion of whether plaintiff(s) is entitled to conduct discovery (including conflict-of-interest discovery) and, if so, the appropriate scope of discovery.**

ERISA cases do not follow the ordinary course of discovery. The merits of an ERISA case are decided by the trial judge after the parties file Briefs on the administrative record. See Bendixen v. Standard Ins. Co., 185 F.3d 939, 943 (9th Cir. 1999) (motion practice is the "conduit to bring the legal question before the district court"). Defendant

has served the bates-labeled administrative record on Plaintiff. Plaintiff may seek additional, limited discovery related to conflict, as the case is to be considered under the abuse of discretion standard.

**9. Proposed page limits for plaintiff(s)' opening brief, defendant(s)' response brief, and plaintiff(s)' reply brief. (The parties should note that the court does not permit the filing of a separate statement of facts.):**

a. Opening Brief: 25 pages

b. Response Brief: 25 pages

c. Reply Brief: 15 pages

**10. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference:**

The Parties will not consent to the referral of this case to a Magistrate Judge. The parties respectfully decline referral of this case to a United States Magistrate Judge for purposes of alternative dispute resolution. The parties will engage in good faith settlement discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

**11. The status of related cases pending before this or other courts:**

The parties are not aware of any other related cases pending before other courts or other Judges of this Court.

**12. Proposed deadlines for each of the following events.** In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set in the Case Management Order, the court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The court does not consider settlement talks or

the scheduling of mediations to constitute good cause for an extension. The parties propose the following:

a. If there is a dispute as to the need for and/or scope of discovery and/or as to the standard of review, Plaintiff shall file a motion, not to exceed seven pages, entitled "Motion for ERISA Discovery/Standard of Review Determination," summarizing her position by **April 24, 2026;** and Defendant shall submit a seven-page response brief by **May 22, 2026.** No replies may be filed.

b. A deadline for amending the pleadings and a deadline for any motion to supplement the administrative record. **April 3, 2026**;

c. A deadline for the completion of fact discovery, if applicable. **November 20, 2026.** Discovery requests must be served and depositions noticed sufficiently in advance of the discovery cutoff date to ensure reasonable completion by the deadline, including time to resolve further discovery disputes. Absent extraordinary circumstances, the court will not entertain discovery disputes after this deadline:

d. Filing of the Administrative Record: Defendant has served the bates-labeled administrative record on Plaintiff. The parties shall reconcile and file a stipulated record with the Court by **January 5, 2027**. Defendant will redact personal identifying information to avoid filing under seal.

e. Deadlines for submission of plaintiff(s)' opening brief, defendant(s)' response brief, and plaintiff(s)' reply brief:

| | |
|---|---|
| **Plaintiff's Opening Brief:** | **March 5, 2027** |
| **Defendant's Response Brief:** | **April 9, 2027** |
| **Plaintiff's Reply Brief:** | **May 14, 2027** |

f. A date by which the parties shall have engaged in face-to-face good faith settlement talks: **July 24, 2026**.

g. Any other matters that will aid the Court and parties in resolving this case in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1: **None at this time**.

RESPECTFULLY SUBMITTED this 12th day of January 2026.

BY: */s/ Anthony Vessel*
Anthony Vessel

And

BY: */s/ Edmundo P. Robaina*
Edmundo P. Robaina

**Attorneys for Plaintiff**

BY: */s/Iwana Rademaekers*
Iwana Rademaekers

**Attorney for Defendant**