UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kellie Vazquez,<br>Plaintiff,<br>v.<br>Liberty Life Assurance Company of Boston,<br>Defendant. | Case No. 2:25-cv-04076-KML<br>**[PROPOSED]**<br>**CASE MANAGEMENT ORDER (ERISA)** |

Having reviewed the parties' joint Rule 26(f) report (Doc. 14), the court concludes it is unnecessary to hold a Case Management Conference and enters the following Case Management Order to govern this case:

1. Deadline for Joinder, Amending Pleadings, and Filing Supplemental Pleadings. The deadline for joining parties, amending pleadings, and filing supplemental pleadings is **April 3, 2026** days from the date of this order.

2. Federal Rule of Evidence 502(d) Non-Waiver Order. The court orders that a communication or information covered by the attorney-client privilege or work-product protection that is disclosed in connection with the litigation pending before the court does not waive the privilege or protection in this or any other federal or state proceeding. This provision does not require any party agreement, and it avoids the need to litigate whether an inadvertent production was reasonable. By reducing the risk of waiver, this order affords parties the opportunity to reduce the cost of discovery by reducing pre-production privilege review.

3. Initial Briefs Regarding Discovery. If there is a dispute as to the need for and/or

scope of discovery and/or as to the standard of review, the deadline for plaintiff to file a motion summarizing its position shall be **April 24, 2026**. This motion may be no longer than seven pages long, must be entitled "Motion for ERISA Discovery/Standard of Review Determination," must identify—with specificity—any interrogatories, document requests, requests for admission, and/or depositions that plaintiff would like to pursue, and must set forth any legal authority supporting plaintiff's position. The deadline for defendant to file a response, which may not exceed seven pages in length, shall be **May 22, 2026**. No replies may be filed.

4. Motions to Supplement the Administrative Record. Any motion to supplement the administrative record shall be filed by **April 3, 2026**.

5. No Experts. No expert reports may be filed.

6. Fact Discovery. If fact discovery is authorized by the court or conducted via the joint agreement of the parties, the deadline for completion shall be **November 20, 2026**. To ensure compliance with this deadline, the following rules shall apply:

a. Depositions: All depositions shall be scheduled to start at least five working days before the discovery deadline. A deposition started five days before the deadline may continue up until the deadline, as necessary.

b. Notwithstanding any provisions of the Federal Rules of Civil Procedure, non-party witnesses shall **not** be permitted to attend (either physically, electronically, or otherwise) the deposition of any other witness in this case without an order of this court to the contrary.

c. Written Discovery: All interrogatories, requests for production of documents, and requests for admissions shall be served at least **45 days** before the fact discovery deadline.

d. The parties may mutually agree in writing, without court approval, to extend the time for providing discovery in response to requests under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the deadlines set forth in this order.

e. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension.

7. Discovery Disputes Following the Initial Submission of Briefs.

a. The parties shall not file written discovery motions without leave of the court. Except during a deposition, if a discovery dispute arises and cannot be resolved despite sincere efforts to resolve the matter through personal consultation (in person or by telephone), the parties shall jointly file (1) a brief written summary of the dispute, not to exceed two pages per party, explaining the position taken by each party, (2) a joint written certification that counsel or the parties have attempted to resolve the matter through personal consultation and sincere efforts as required by Local Rule 7.2(j) and have reached an impasse, and (3) copies of the contested discovery requests (e.g., copies of the interrogatories and responses). The discovery dispute summary shall adhere to the formatting requirements of Local Rule 7.1(b)(1). Discovery dispute filings that do not conform to the procedures outlined in this paragraph, including the page limitation, may be summarily stricken. If the opposing party has refused to personally consult or cooperate in the filing of the joint statement, the party seeking relief shall describe the efforts made to obtain cooperation. Upon review of the written submission, the court may set a telephonic conference, order written briefing, or decide the dispute without conference or briefing. Any briefing ordered by the court shall also comply with Local Rule 7.2(j).

b. If a discovery dispute arises during a deposition and requires an immediate ruling of the court, the parties shall email Lanham_Chambers@azd.uscourts.gov to request a telephone conference regarding the dispute. The court strongly disfavors such requests: except in extraordinary circumstances, objections should instead be timely raised and the deponent should answer subject to the objections. If the parties submit such a dispute to the court, the deposition must proceed on other topics or questions while

the parties await the court's response.

c. Absent extraordinary circumstances, the court will not entertain discovery disputes after the deadline for completion of fact discovery. Delay in presenting discovery disputes for resolution is not a basis for extending discovery deadlines.

8. Filing the Administrative Record. The deadline for filing the stipulated administrative record shall be **January 5, 2027**.

9. Dispositive Motions.

a. Plaintiff's opening brief shall be filed no later than **March 5, 2027**. Defendant's response brief shall be filed no later than **April 9, 2027**. Plaintiff(s)' reply shall be filed no later than **May 14, 2027**.

b. With respect to page limits, plaintiff's opening brief and defendant's response brief shall be no longer than 25 pages, and plaintiff's reply shall be no longer than 15 pages.

c. The parties may not file separate statements of facts or separate controverting statements of facts, and instead must include all facts in the opening brief, response, or reply itself, supported by citations (including pincites) to the administrative record. All citations should reference the ECF-generated pagination. For example, if the administrative record was filed at docket entry fifteen and a party wished to cite page three, the appropriate citation would be: (Doc. 15 at 3.)

d. A party desiring oral argument on any motion shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule 7.2(f). The court may decline the request and decide the motion without holding oral argument. If the request is granted, the court will issue an order setting the argument date and time.

10. Motions for Attorneys' Fees. All motions for an award of attorneys' fees shall be accompanied by an electronic Microsoft Excel spreadsheet, to be emailed to the court and opposing counsel, containing an itemized statement of legal services with all information required by Local Rule 54.2(e)(1). This spreadsheet shall be organized with

rows and columns and shall automatically total the amount of fees requested to enable the court to efficiently review and recompute, if needed, the total amount of any award after disallowing any individual billing entries. This spreadsheet does not relieve the moving party of its burden under Local Rule 54.2(d) to attach all necessary supporting documentation to its motion. A party opposing a motion for attorneys' fees shall email to the court and opposing counsel a copy of the moving party's spreadsheet, adding any objections to each contested billing entry (next to each row, in an additional column) to enable the court to efficiently review the objections. This spreadsheet does not relieve the non-moving party of the requirements of Local Rule 54.2(f) concerning its responsive memorandum.

11. Good Faith Settlement Talks. All parties and their counsel shall meet in person and engage in good faith settlement talks no later than **July 24, 2026**. Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the court a joint report on settlement talks executed by or on behalf of all counsel. The report shall inform the court that good faith settlement talks have been held and report on the outcome of such talks. The parties shall indicate whether assistance from the court is needed in seeking settlement of the case. The court will set a settlement conference before a magistrate judge upon request of all parties. The parties are reminded that they are encouraged to discuss settlement at all times during the pendency of the litigation, but the court will not extend the case management deadlines if and when the parties elect to pursue settlement efforts, including a settlement conference before a magistrate judge. The parties should plan their settlement efforts accordingly. The parties shall promptly notify the court if settlement is reached.

12. Briefing Requirements.

a. All memoranda filed with the court shall comply with Local Rule 7.1(b) requiring 13-point font in text and footnotes.

b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

c. To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, leave to amend, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If such a motion does not so indicate, it may be denied for failure to comply with this order.

13. Dismissal for Failure to Meet Deadlines. The parties are warned that failure to meet any of the deadlines in this order or in the Federal or Local Rules of Civil Procedure without substantial justification may result in sanctions, including dismissal of the action or entry of default.

14. Requirement for Paper Courtesy Copies. A paper courtesy copy of the administrative record, opening brief, response brief, and reply brief shall be either postmarked and mailed to the judge or hand-delivered to the judge's mailbox in the courthouse by the next business day after the electronic filing. Do not attempt to deliver documents to the judge's chambers. Courtesy copies should be double-sided and include the ECF-generated header at the top of each page. Courtesy copies of documents too large for stapling must be submitted in three-ring binders.